IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHELIA R. COMBS, et al.,

               Plaintiffs,

v.                                               CIVIL ACTION NO.  2:11-cv-00794

ELKAY MINING COMPANY,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Elkay Mining Company's Motion to Dismiss [Docket 7] and Elkay Mining Company's Motions for Leave to File Newly-Acquired Authority [Dockets 16 and 21].  For the reasons discussed below, the Motions for Leave to File Newly-Acquired Authority are **GRANTED** and the motion to dismiss is **DENIED**.

The issue before the court is well-defined: whether 20 C.F.R. § 725.601(b) requires a beneficiary who is entitled to 20 percent additional compensation and interest on a final award of benefits under the Black Lung Benefits Act to obtain a supplemental order awarding such relief from the District Director of the Office of Workers' Compensation Programs prior to enforcement in district court.  I **FIND** that it does not; a beneficiary may enforce the 20 percent additional compensation and interest on a final award in district court under 33 U.S.C. §921(d) without a supplemental order.

**I.**       **Background**

1

Joe Gollie worked for Elkay Mining Company ("Elkay") as a coal miner between 1980 and 1984. Mr. Gollie passed away in 1996, and his widow, Mildred F. Gollie, filed a survivor's application under the Black Lung Benefits Acts ("BLBA" or "Act") with the Department of Labor ("DOL"). The DOL made an initial finding that Ms. Gollie was entitled to survivor's benefits. In response Elkay requested a hearing before the Office of Administrative Law Judges. Administrative Law Judge ("ALJ") Daniel L. Leland issued a Decision and Order Awarding Benefits to Ms. Gollie, in addition to a supplemental award of attorney's fees. Ms. Gollie's claim then entered a series of protracted appeals to the Benefits Review Board and remands to the ALJ, eventually making its way to the Fourth Circuit Court of Appeals. In 2009, the Benefits Review Board affirmed the favorable decision of the ALJ and Elkay did not appeal. During most of the appeals process the Black Lung Disability Trust Fund paid the benefits to Ms. Gollie. In March 2010, Elkay reimbursed the Trust Fund. Ms. Gollie died on April 26, 2010, and Shelia R. Combs was appointed administratrix of Ms. Gollie's estate.

Ms. Combs, as administratrix of the estate of Ms. Gollie, along with Leonard J. Stayton and Leonard J. Stayton, P.S.C. filed the instant suit on October 25, 2011 pursuant to 33 U.S.C. § 921(d). They seek the following relief: (1) 20 percent additional compensation under 33 U.S.C. § 914(f); (2) interest on the additional compensation under 20 C.F.R. § 725.608(a)(3); (3) interest on the retroactive benefits under 20 C.F.R. §725.608(a)(1); and (4) attorney's fees, interest on unpaid attorney's fees, 20 percent additional compensation for failure to timely pay attorney's fees under 33 U.S.C. § 914(f), and interest on the 20 percent additional compensation.[1]

---

[1] In its motion to dismiss, the defendant represents that it paid Mr. Stayton attorney's fees on November 18, 2011. Mr. Stayton alleges that he did not, however, receive interest on these fees.

On November 11, 2011, the defendant filed the instant motion to dismiss. Elkay does not dispute that the District Director issued an order finding it liable for Ms. Gollie's benefits or that the award has become final. In arguing for dismissal, the defendant asserts that before this court can award the requested relief, the plaintiffs must obtain an order by the District Director awarding the 20 percent additional compensation, interest on the 20 percent, and interest on the retroactive benefits.[2] The defendant also argues that the District Director is a necessary party under Rule 19.

## II.  Motion to Dismiss Standard

A motion to dismiss filled under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarranto v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in

---

[2] For the sake of brevity, when referring to the relief sought by plaintiffs, I will refer only to the 20 percent additional compensation. I recognize that the plaintiffs also seek interest on the 20 percent additional compensation, interest on the retroactive benefits, interest on attorney's fees, 20 percent additional compensation for the late payment of attorney's fees, and interest on the 20 percent additional compensation for the late payment of attorney's fees.

3

a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise a claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. Black Lung Benefits Act Statutory Framework

Congress enacted the Black Lung Benefits Act to provide benefits to coal miners or their surviving dependents for death or disability caused by pneumoconiosis arising out of work in coal mines. 30 U.S.C. § 901. The Act's complexity and lack of clarity derive in part from its incorporation of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), subject to enumerated exceptions. *See* 30 U.S.C. § 932(a). The Act also permits the Secretary of Labor to vary the LHWCA provisions by issuing regulations. 30 U.S.C. § 932(a); *Dyer v. Cenex Harvest States Co-op*, 563 F.3d 1044, 1048 (9th Cir. 2009); *Old Ben Coal Co. v. Jones*, 897 F.2d 900,

902 (7th Cir. 1990) (explaining that "the Black Lung Act regulations . . . supplement and, where inconsistent, supplant sections adopted from the Longshore Act.").

Claims under the BLBA are processed by the Secretary of Labor. *Kinder v. Coleman & Yates Coal Co.*, 974 F. Supp. 868, 870 (W.D. Va. 1997). If the outcome is adverse to either party, that party may request that the District Director order an ALJ to conduct a hearing. *Id.* at 871. If the ALJ enters an award, the employer must pay within thirty days of the award's "effective" date, "regardless of whether the employer chooses to appeal the award." *Id.* An award is effective when it is filed in the office of the District Director. *Id*. "An effective award becomes 'final' after thirty days, if the employer fails to appeal, or after the employer has exhausted its appeals." *Id.* The DOL administers the Black Lung Disability Trust Fund. The Trust Fund pays benefits when there is no operator who is liable for the payment of benefits or the operator defaults on its obligation to pay. 26 U.S.C. § 9501(d)(1).

There are separate statutory provisions for enforcing effective awards and enforcing final awards. 33 U.S.C. § 918(a) controls the enforcement of effective awards. It states in part:

> In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or a supplementary order declaring the amount of the default. . . . The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred. . . . Such supplementary order of the deputy commissioner shall be final, and the court shall, upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law.

To enforce an effective award in district court, the above statute requires that the beneficiary first obtain a supplementary order from the District Director.[3] 33 U.S.C. § 918(a). A beneficiary can enforce a final award under 33 U.S.C. § 921(d), which provides that:

> If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred. . . . If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

33 U.S.C. § 921(d). This section allows either the beneficiary or the District Director to bring an enforcement action in district court. *Id.* It also does not expressly require a beneficiary to obtain a supplementary order from the District Director, and it does not contain an express statute of limitations. *Nowlin v. E. Assoc. Coal Corp.*, 266 F. Supp. 2d 502, 505 (N.D. W. Va. 2003).

The BLBA provides additional compensation for the late payment of awards. Under 33 U.S.C. § 914(f):

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court.

In a suit seeking additional compensation under the LHWCA, the Fourth Circuit explained that § 914(f) "encourages employers to provide prompt payment of compensation to injured workers." *Newport News Shipbuilding & Dry Dock Co. v. Brown.*, 376 F.3d 245, 250 (4th Cir. 2004). Additionally, in the BLBA context, it "ensure[s] that individual coal operators rather than

---

[3] Although the LHWCA statute refers to the "deputy commissioner," the DOL has renamed this official the District Director. *Kinder*, 974 F. Supp. at 871 n.10.

6

the Trust Fund bear the liability for claims arising out of such operators' mines to the maximum extent feasible." *Hudson v. Pine Ridge Coal Co., LLC*, 2:11-cv-248, 2012 WL 386736, at *5 (S.D. W. Va. Feb. 6, 2012) (quoting *Old Ben Coal Co. v. Luker*, 826 F.2d 688 (7th Cir. 1987)).

Section 914(f) does not contain an independent enforcement mechanism. In an LHWCA case, the Fourth Circuit has stated that: "§ 914(f) is substantive, not procedural, in nature. It needs a § 918 *or* § 921 proceeding to be given effect." *Reid v. Universal Mar. Serv. Corp.*, 41 F.3d 200, 202 (4th Cir. 1994) (emphasis added); *see also Kinder v. Coleman & Yates Coal Co.*, 974 F. Supp. 868, 872 (W. D. Va. 1997) ("Section 914(f) does not specifically provide for the issuance or enforcement of a penalty award. Section 914(f) penalty assessments have been interpreted as more logically enforceable through the issuance of a supplementary order under section 918(a), rather than pursuant to section 921(d). Courts, however, have not precluded the enforcement of a section 914(f) penalty under section 921(d).") (internal citations omitted). District courts have applied this reasoning in the BLBA context. *See Hudson v. Pine Ridge Coal Co., LLC*, 2012 WL 386736, at *6 ("A beneficiary entitled to such compensation may seek district court enforcement under 33 U.S.C. § 921(d)."); *Nowlin*, 266 F. Supp. 2d at 505-06.

Courts have held that under the LHWCA, § 914(f) "is self-executing; the 20 percent additional compensation automatically becomes due immediately upon the expiration of the ten-day period following the filing of the compensation order with the deputy commissioner." *Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 128 n.2 (5th Cir. 1983); *see also Sea-Land Serv., Inc. v. Barry*, 41 F.3d 903, 910 (3d Cir. 1994); *Providence Washington Ins. Co. v. Dir., OWCP*, 765 F.2d 1381, 1385 (9th Cir. 1985). Therefore, "the statute does not allow for the

7

consideration of equitable factors." *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139, 1141 (9th Cir. 2002).

The case most factually and procedurally similar to the instant dispute is *Nowlin v. Eastern Associated Coal Corporation*, 266 F. Supp. 2d 502 (N.D. W. Va. 2003) (Keeley, J.). In *Nowlin*, the plaintiff filed the action under 33 U.S.C. § 921(d) to recover 20 percent additional compensation because of the late payment of the award. Like this action, the defendant moved to dismiss, in part arguing that Nowlin could not recover because she did not have a "supplementary order" from the District Director. *Id.* at 503. The Director of the Office of Workers' Compensation Programs filed an amicus curiae brief, arguing that Nowlin was not required to apply to the District Director for a supplementary order. *Id.* at 504.

The *Nowlin* court first explained that, "nothing in the plain language of § 921 prohibits a claimant from enforcing a 20% penalty under that section." *Id.* at 505-06. Moreover, "§ 921(d) . . . unlike § 918(a), does not expressly require a claimant to obtain a supplementary order before enforcing a compensation order." *Id.* at 507. The court noted that the District Director claimed in its amicus brief that a supplementary order was not necessary and the court "should defer to the Director's interpretation of a silent or ambiguous statute that he administers if his interpretation is reasonable." *Id.* In deferring to the Director's interpretation, the court reasoned that it was supported by the rule of statutory construction that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion." *Id.* Consequently, "Where Congress wanted to require a claimant to first obtain a supplementary default order, it did so expressly, as in § 918. If Congress had meant to include a

similar requirement in § 921, it could have done so clearly and explicitly." *Id.* The court also reasoned that the Director's interpretation of § 921 is consistent with the functions of § 918 and § 921 in the BLBA remedial scheme. Section 918 allows a claimant to quickly receive benefits, and because a claimant can enforce the 20 percent additional compensation before a claim is final, "it predictably requires the claimant to obtain a supplementary order declaring the amount in default." *Id.* at 508. In contrast, § 921 is utilized when a claimant has "defended her claim through the appellate process and to finality." *Id.* In such cases, "a court can determine the amount on which the penalty is calculated without difficulty." *Id.* The court held "that the Director's conclusion is a reasonable interpretation of the statute and . . . a claimant need not obtain a supplementary default order before proceeding under § 921." *Id.* at 509.

More recently, in *Hudson v. Pine Ridge Coal Co.* the plaintiff sought enforcement of an award made by the ALJ, including attorney's fees, interest, and the 20 percent additional compensation. 2:11-cv-248, 2012 WL 386736, at *5 (S.D. W. Va. Feb. 6, 2012) (Cophenhaver, J.). The court first rejected the defendant's argument that its subsequent petition for modification rendered the ALJ's award not final and therefore not enforceable under § 921(d). *Id.* at *5. Turning to the 20 percent additional compensation, the court explained that "[a] beneficiary entitled to such compensation may seek district court enforcement under 33 U.S.C. § 921(d)." *Id.* at *6. The court granted the plaintiff the 20 percent additional compensation after finding that he established each requirement of § 914(f). *Id.* at *7. As in *Nowlin*, the Director of the Office of Workers' Compensation Programs filed an amicus curiae brief. The Director asserted that the plaintiff was entitled to the 20 percent additional compensation in district court, noting

9

that the award is "self-executing." The plaintiff in *Nowlin* had not obtained a supplementary order awarding the additional compensation prior to seeking enforcement in district court.

IV. **Discussion**

The defendant claims that the plaintiffs cannot enforce the 20 percent additional compensation without first obtaining a supplemental order by the District Director. Elkay primarily relies on the last sentence of 20 C.F.R. § 725.601(b), which states: "In all cases payments in addition to compensation (see § 725.607) and interest (see § 725.608) shall be sought by the Director or awarded by the district director."[4] Section 725.607, entitled "Payments in addition to compensation," refers to the 20 percent additional compensation for late payments. The defendant argues that this regulation requires the plaintiffs to obtain an order from the District Director awarding the 20 percent payment in addition to compensation prior to seeking enforcement in district court. Because the plaintiffs have not obtained such an order, the defendant contends that the plaintiffs have not exhausted their administrative remedies. As a result, the defendant argues that the court should dismiss the case for lack of subject matter jurisdiction. The plaintiffs respond to this argument by claiming that the regulation does not require them to obtain a supplementary order before enforcing the 20 percent additional compensation in district court.

---

[4] "Director" is defined as "the Director, OWCP, or his or her designee" and "district director" is defined as "a person appointed as provided in sections 39 and 40 of the LHWCA, or his or her designee, who is authorized to develop and adjudicate claims as provided in this subchapter (see § 725.350). The term District Director is substituted for the term Deputy Commissioner wherever that term appears in the regulations. This substitution is for administrative purposes only and in no way affects the power or authority of the position as established in the statute. Any action taken by a person under the authority of a district director will be considered the action of a deputy commissioner." 20 C.F.R. § 725.101(a)(15)-(16).

10

Accordingly, the court's task is to determine the meaning of 20 C.F.R. § 725.601(b). Unlike the statutory scheme, the BLBA regulations are distinct from the LHWCA regulations. Section 725.601 is entitled "Enforcement generally." That section, in its entirety, states:

> (a) The Act, together with certain incorporated provisions from the Longshoremen's and Harbor Workers' Compensation Act, contains a number of provisions which subject an operator or other employer, claimants and others to penalties for failure to comply with certain provisions of the Act, or failure to commence and continue prompt periodic payments to a beneficiary.
>
> (b) It is the policy and intent of the Department to vigorously enforce the provisions of this part through the use of the remedies provided by the Act. Accordingly, if an operator refuses to pay benefits with respect to a claim for which the operator has been adjudicated liable, the Director shall invoke and execute the lien on the property of the operator as described in § 725.603. Enforcement of this lien shall be pursued in an appropriate U.S. district court. If the Director determines that the remedy provided by § 725.603 may not be sufficient to guarantee the continued compliance with the terms of an award or awards against the operator, the Director shall in addition seek an injunction in the U.S. district court to prohibit future noncompliance by the operator and such other relief as the court considers appropriate (see § 725.604). If an operator unlawfully suspends or terminates the payment of benefits to a claimant, the district director shall declare the award in default and proceed in accordance with § 725.605. *In all cases payments in addition to compensation (see § 725.607) and interest (see § 725.608) shall be sought by the Director or awarded by the district director.*
>
> (c) In certain instances the remedies provided by the Act are concurrent; that is, more than one remedy might be appropriate in any given case. In such a case, the Director shall select the remedy or remedies appropriate for the enforcement action. In making this selection, the Director shall consider the best interests of the claimant as well as those of the fund.

20 C.F.R. § 725.601(b) (emphasis added). The court was unable to find any case interpreting any part of this regulation. The defendant argues that in the last sentence of part (b), the DOL vested itself with exclusive authority to award the relief requested by the plaintiffs in this case. As such, the defendant claims that the plaintiffs must seek an order awarding the 20 percent additional compensation from the District Director before enforcement in district court. The

11

defendant emphasizes that the regulation states that in "all" cases payments in addition to compensation "shall" be awarded by the District Director. The defendant also highlights that the regulation states that the award "shall be sought by the Director *or* awarded by the district director." 20 C.F.R. § 725.601(b) (emphasis added). This conjunction, according to the defendant, means that, "[e]ither the Director or the Plaintiff can 'enforce' an award of additional compensation, *but there must first be an award to enforce*." (Def.'s Reply Supp. Supplemental Brief Addressing Constitutional Issues [Docket 32], at 6.) In effect, the defendant argues that this regulation adds a condition to enforcement under 33 U.S.C. § 921(d). Whereas under § 921(d) in the LHWCA context, a beneficiary with a final order can enforce the 20 percent additional compensation directly with the district court, the defendant alleges that this regulation requires the beneficiary to obtain a supplemental order before enforcing it in district court pursuant to 33 U.S.C. § 921(d).

The defendant claims that it is unnecessary to examine whether the regulation is consistent with purpose of the BLBA because its meaning is unambiguous. Even so, the defendant argues that the requirement that the plaintiffs seek an order from the District Director is consistent with the statute's purpose. The first sentence of this regulation states: "It is the policy and intent of the Department to vigorously enforce the provisions of this part through the use of the remedies provided by the Act." 20 C.F.R. § 725.601(b). By ordering the award of additional compensation, the DOL is enforcing the Act. The defendant then asserts that this regulatory provision does not unduly delay relief to beneficiaries. Rather, it claims that "the delay associated with the payment here is due to the Plaintiffs' insistence on avoiding the prescribed administrative remedy and seeking court 'enforcement' of relief the DOL has not yet

12

awarded." (Def.'s Reply Supp. Supplemental Brief Addressing Constitutional Issues [Docket 32], at 13.)

The defendant urges the court not to follow the holdings in *Nowlin* and *Hudson* because in these cases neither the parties nor the court considered the effect of 20 C.F.R. § 725.601(b) on the beneficiary's ability to enforce the 20 percent additional compensation in district court. Finally, the defendant submits as "supplemental authority" a document that defendant's counsel received in an unrelated matter. The defendant claims that this document represents an example of the order that the plaintiff in the instant dispute must obtain from the District Director prior to enforcement in district court.

The plaintiffs read the regulation differently. They assert that the regulation does not require a beneficiary to obtain an order by the District Director before enforcement in district court under 33 U.S.C. § 921(d). Rather, according to the plaintiffs, the regulation restates the nondiscretionary nature of awards for payments in addition to compensation and interest. The regulation instructs the Director to seek or the District Director to award such payments when the beneficiary asks for assistance in obtaining benefits, and it prohibits them from exercising their discretion to refuse to do so when the beneficiary is otherwise entitled to the payments under the statute. The plaintiffs also contend that their interpretation of the regulation is consistent with the DOL's policy "that claimants receive payment of additional compensation and interest due from employers." (Pl.'s Resp. Def.'s Supplemental Brief Address Constitutional Issues [Docket 31], at 6.)

The meaning of the last sentence in 20 C.F.R. § 725.601(b) is a matter of first impression. It states: "In all cases payments in addition to compensation (see § 725.607) and interest (see

13

§ 725.608) shall be sought by the Director or awarded by the district director." 20 C.F.R. § 725.601(b). This sentence is susceptible to more than one plausible interpretation, and relative to its potential import, it provides surprisingly little detail. In particular, it is not clear what "in all cases" means. But it cannot literally mean in every claim for benefits under the BLBA because beneficiaries are only entitled to payments in addition to compensation and interest in some circumstances.

Although neither the Director nor the court in *Hudson* and *Nowlin* directly addressed the import of 20 C.F.R. § 725.601, their silence in itself is telling. The agency's amicus curiae brief in *Hudson* extensively cites the BLBA regulations, and it even specifically cites 20 C.F.R. § 725.601. And yet its position directly conflicts with what the defendant claims is required by 20 C.F.R. § 725.601. In addition, there are eleven subsections in the regulatory section on the "Enforcement of liability" for the Black Lung Benefits Act—the first one being § 725.601. It seems unlikely that both the Director and the court, up until this case, had never read the last sentence of 20 C.F.R. § 725.601(b) because it was buried in the regulations. These factors strongly suggest that the Director and the court have not interpreted the regulation to require the District Director to issue a supplemental order prior to enforcement of the 20 percent additional compensation on a final award, or at the very least that the regulation is ambiguous. Accordingly, the court turns to the context of the sentence in dispute.

Notably, this sentence is located at the end of a long paragraph in a section entitled "Enforcement generally." The first sentence of that section states: "It is the policy and intent of the Department to vigorously enforce the provisions of this part through the use of remedies provided by the Act." 20 C.F.R. § 725.601(b). The following four sentences describe actions

14

that the Director and District Director "shall" take to enforce the BLBA. Part (c) explains that sometimes the remedies provided by the BLBA are concurrent, and the Director "shall select the remedy or remedies appropriate for the enforcement action." 20 C.F.R. § 725.601(c). Overall this regulatory section addresses the ways in which the Director and District Director are able to enforce the BLBA.

Both parties recognize that the sentence at issue provides the Director and District Director with authority to seek and award payments in addition to compensation. But the real import of the reading advanced by the defendant alters the beneficiary's ability to enforce an award of additional compensation. It allegedly adds a requirement to 33 U.S.C. § 921(d) for the enforcement of final awards, and prohibits a beneficiary from enforcing certain payments without first obtaining a supplementary order from the District Director. It seems odd that in the middle of this section aimed at enabling enforcement by the District Director, and inconspicuously placed at the end of the paragraph, the DOL would insert a provision that restricts the way that *beneficiaries* are able to enforce additional compensation for late payments and interest on final awards as prescribed by 33 U.S.C. § 921(d).

Examined in context, this sentence should be interpreted to require the District Director, when requested by beneficiaries, to award payments in addition to compensation that beneficiaries are entitled to. This reading gives full effect to the word "shall" by prohibiting the District Director and Director from exercising any independent discretion in determining whether to seek or award these payments. If the beneficiary is entitled to these payments under the statute, the District Director and Director must assist the beneficiary in obtaining them by seeking or awarding such relief.

15

The defendant's supplemental authority does not support its position. The defendant filed a document with the court, claiming that it represents an "award order" entered by the District Director, awarding the 20 percent additional compensation and interest. This authority, according to the defendant, "demonstrates that the District Director must act to calculate and award the remedies sought by the Plaintiffs in the case at bar." (Def.'s Mot. File Newly-Acquired Authority & Request for Oral Arg. [Docket 16], at 2.) The defendant's argument is unavailing. The document never refers to itself as an "award" or "order." It appears to the court that this document is a letter to counsel, rather than something more formal like an award. Although it refers to 20 C.F.R. §§ 725.607-608 as the source of the claimant's entitlement to the 20 percent additional compensation and interest, it does not cite 20 C.F.R. § 725.601 as its authority for issuing the letter. The letter begins with: "When a responsible operator does not pay benefits owed under the terms of an effective award within 10 days after those benefits are due, it is *automatically* liable for an additional 20% of those overdue benefits as well as interest on that additional compensation." (*Id.* [Docket 16-1], Ex. A at 2.) (emphasis added.) This suggests that there is no additional requirement to obtain a supplemental order from the District Director. And nowhere in the letter does the District Director state that the letter was a condition precedent to the beneficiary's enforcement of the 20 percent additional compensation in district court. The last sentence states: "If [] Mining Company Inc. does not pay the additional compensation outlined herein, the claimant may apply for enforcement of the penalty and interest, by filing suit in federal district court *based on the award of final benefits*." (*Id.*) (emphasis added.) The District Director's letter does not appear to be an "award" and it certainly

16

does not seem like something the beneficiary was required to obtain prior to enforcement in the district court.[5]

As discussed above, 33 U.S.C. § 918(a)—the statutory section for enforcement of effective awards—requires that a beneficiary obtain a supplementary order from the District Director before seeking enforcement in the district court. That section states:

> [T]he person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order, declaring the amount of default, which shall be filed in the same manner as the compensation order . . . The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred.

33 U.S.C. § 918(a). This section makes the requirement that a beneficiary obtain a supplementary order from the District Director abundantly clear. Had the DOL intended to require a beneficiary to obtain a supplementary order prior to enforcing the 20 percent additional compensation on a *final* award, it could easily have used language similar to that used in § 918(a).

The above factors compel the court to conclude that 20 C.F.R. § 725.601 does not have the effect advanced by the defendant. The defendant, albeit skillfully, has made too much out of too little. Because I **FIND** that 20 C.F.R. § 725.601 does not prohibit a beneficiary from enforcing an award of additional compensation directly in district court, I reject the defendant's argument that the District Director is a necessary party under Federal Rule of Civil Procedure 19.

---

[5] The final award in this case has not been filed with the court. However, a comparison of the award entered in *Hudson* and the letter submitted by the defendant here strongly suggests that the latter is not an "award." The award in *Hudson* contains a caption that resembles a civil suit. Moreover, it is entitled "Decision and Order – Awarding Benefits."

Accordingly, I **DENY** the defendant's motion to dismiss.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.  The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

        ENTER:        August 8, 2012

        _____
        Joseph R. Goodwin, Chief Judge