IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SHELIA R. COMBS, et al.,

        Plaintiffs,

v.                                       CIVIL ACTION NO. 2:11-cv-00794

ELKAY MINING COMPANY,

        Defendant.

**ORDER AWARDING FEES AND COSTS**

Pending before the court is the plaintiffs' Motion for Approval of Attorney Fees and Costs [Docket 41]. The motion is unopposed. For the reasons stated below, the motion is **GRANTED**.

**I.   Background**

This case arises out of an award of benefits under the Black Lung Benefits Act. Joe Gollie worked for Elkay Mining Company ("Elkay") as a coal miner between 1980 and 1984. Mr. Gollie passed away in 1996, and his widow, Mildred F. Gollie, filed a survivor's application under the Black Lung Benefits Acts ("BLBA" or "Act") with the Department of Labor ("DOL"). The DOL made an initial finding that Ms. Gollie was entitled to survivor's benefits. In response Elkay requested a hearing before the Office of Administrative Law Judges. Administrative Law Judge ("ALJ") Daniel L. Leland issued a Decision and Order Awarding Benefits to Ms. Gollie, in addition to a supplemental award of attorney's fees. Ms. Gollie's claim then entered a series of protracted appeals to the Benefits Review Board and remands to the ALJ, eventually making its way to the Fourth Circuit Court of Appeals. In 2009, the Benefits Review Board affirmed the

favorable decision of the ALJ and Elkay did not appeal. During most of the appeals process the Black Lung Disability Trust Fund paid the benefits to Ms. Gollie. In March 2010, Elkay reimbursed the Trust Fund. Ms. Gollie died on April 26, 2010, and Shelia R. Combs was appointed administratrix of Ms. Gollie's estate.

Ms. Combs, as administratrix of the estate of Ms. Gollie, along with Leonard J. Stayton and Leonard J. Stayton, P.S.C. filed the instant suit on October 25, 2011, pursuant to 33 U.S.C. § 921(d). They seek to enforce payment of additional compensation and interest. On November 11, 2011, the defendant moved to dismiss, asserting that before this court can award the requested relief, the plaintiffs were required to obtain an order by the DOL District Director awarding the additional compensation and interest. On August 8, 2012, I denied the motion to dismiss.

On September 20, 2013, I ordered the parties to submit a joint status report [Docket 39]. The parties filed that report [Docket 40]. The parties state that on February 15, 2013, the District Director ordered Elkay to pay to the following:

1. Shelia R. Combs, as Administratrix of the estate of Mildred F. Gollie, in the amount of $6,603.96, representing the 20% additional compensation due pursuant to 20 C.F.R. § 725.607(a); and

2. Leonard Stayton in the amount of $10,617.31 representing interest on attorney fees awarded by order dated December 16, 1999 pursuant to 20 C.F.R. § 725.608(c).

Elkay paid these amounts on April 26, 2013.

According to the parties, there are two outstanding issues in this case. First, the parties seek clarification from the DOL whether the District Director's February 15, 2013 order requires interest payments on the 20 percent additional compensation awarded. Second, the plaintiffs seek approval of attorneys' fees for Mr. Stayton and Mr. Cline's services. Elkay does not object to these fees and has not opposed the instant motion.

**II. Discussion**

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). In order to determine the reasonableness of the requested hours and rates, the court must be guided by the twelve factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Grissom*, 549 F.3d at 321 (adopting the twelve factor test set forth in *Johnson*). These factors are used to calculate reasonable hourly rates and a reasonable number of hours expended by counsel, resulting in a "lodestar" fee. The Fourth Circuit Court of Appeals has summarized the *Johnson* factors as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*E.g.*, *Robinson*, 560 F.3d at 243-44.

The plaintiffs request compensation for 62 hours expended by Mr. Stayton and 5.75 hours expended by Mr. Cline, for a total of 67.75 hours. Mr. Stayton also requests reimbursement for costs incurred in the amount of $455.45. Elkay has not objected to these figures. Because this accounting is unopposed, I **FIND** that 67.75 hours was a reasonable amount of time for plaintiffs' counsel to expend in this matter and that $455.45 is a reasonable amount of costs.

Mr. Stayton billed $250.00 per hour on this matter. His loadstar figure, including costs, therefore comes to $15,955.45. Mr. Cline billed $240.00 per hour on this matter. His loadstar

figure therefore comes to $1,380.00. These amounts are not contested by Elkay. I therefore **FIND** that these amounts are reasonable.

"After determining the lodestar figure, the court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Robinson*, 560 F.3d at 244. "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The product of reasonable hours times a reasonable rate does not end the [attorney's fees] inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'").

All of the hours for which the plaintiffs request compensation relate to prosecuting the instant action. It is not clear whether the plaintiffs will be *entirely* successful. The parties are currently seeking clarification whether the District Director's February 15, 2013 order requires Elkay to pay interest on the additional 20 percent compensation. However, Elkay does not object to loadstar figure. I therefore **FIND** that no downward adjustment in the loadstar figure is warranted.

### III. Conclusion

Elkay has not objected to the plaintiffs' accounting. The court determines that a reasonable award for Mr. Stayton is $15,955.45, and a reasonable award for Mr. Cline is $1,380.00. Therefore, Elkay is **ORDERED** to pay $15,955.45 to Mr. Stayton and $1,380.00 to Mr. Cline.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 25, 2013

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE